UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| CHARLES TINER, | ) |
| | ) |
| Plaintiff, | ) Case No. 11-cv-2112 |
| | ) |
| v. | ) |
| | ) |
| JEREMY FENTON, | ) |
| | ) |
| Defendant. | ) |

## OPINION[1]

This is a 42 U.S.C. § 1981(a) action, in which the plaintiff claims that he was subjected to a hostile work environment based on his race by a co-worker. On August 16, 2012, Plaintiff filed a motion for default judgment (#30), including an affidavit and supporting documentation. This court concludes that the documentation is adequate and Plaintiff is therefore entitled to the relief requested.

This court has original federal question jurisdiction, 28 U.S.C. § 1331, over his federal claim pursuant to the Civil Rights Act, 42 U.S.C. § 1981(a). This court also has supplemental jurisdiction over Plaintiff's state law claim of battery. 28 U.S.C. § 1367.

Plaintiff and Defendant both worked for former defendant Nelson Tree Service ("Nelson Tree"). (On August 31, 2012, Nelson Tree was dismissed with prejudice by agreement of the parties. The named defendant is the sole remaining defendant in this

---

[1] Facts are taken from Plaintiff's statement of facts in his amended complaint where they are not contested by former Defendant Nelson Tree Service. However, as Nelson Tree has been dismissed with prejudice by agreement of the parties, and the current sole remaining defendant, Jeremy Fenton, has had default entered against him, having failed to file an answer, facts relevant to the remaining issues between Plaintiff and Defendant Fenton will be taken from Plaintiff's statement of facts.

action.) Plaintiff is an individual of African-American lineage. Between 2004 and 2009, Plaintiff's co-workers regularly and continuously used the term "nigger" in his presence. Plaintiff requested that his coworkers stop using the term but they continued to do so. Plaintiff also found nooses hanging on the back of work machinery. One of Plaintiff's co-workers wore a necklace with a Confederate flag to work. Nelson Tree told that co-worker not to wear that jewelry. Plaintiff avers that Nelson Tree did not adequately address the hostile work environment, but Nelson Tree denies those allegations.

In November 2009, Defendant Jeremy Fenton ("Fenton") attached a Confederate flag license plate to his car. Nelson Tree was notified that this was a racially offensive symbol but did not address the issue. Plaintiff removed the plate from Defendant's car. Defendant hit Plaintiff with his car, knocking Plaintiff to the ground and causing Plaintiff to injure his shoulder. Defendant exited the vehicle and attacked Plaintiff. Nelson Tree terminated Plaintiff for fighting. Following an arbitration mandated by a controlling collective bargaining agreement, Nelson Tree was ordered to reinstate Plaintiff, but suspend him without pay or benefits from November 2009 through December 2010.

On May 2, 2011, Plaintiff filed the present action. Summonses were returned as executed for Nelson Tree on May 3, 2011 and for Fenton on June 14, 2011. On May 20, 2011, Nelson Tree filed its answer. Fenton did not file an answer, and so Plaintiff filed a motion for entry of default on July 6, 2011. Having received no response, U.S. Magistrate Judge David Bernthal granted the motion and entered default against Fenton. On December 15, 2011, Fenton appeared for his deposition. Fenton was uncooperative, invoking the "Fifth Amendment" to nearly every question posed by counsel and using profanity. On January 30, 2012, Plaintiffs filed a motion to compel Fenton's cooperation.

On May 7, 2012, Magistrate Judge Bernthal granted the motion to compel, ordering Fenton to appear for a videotaped deposition, and reprimanding Fenton for his intransigence. Fenton appeared *pro se* at his deposition on May 31, 2012. On August 6, 2012, Plaintiff filed a motion for default judgment against Fenton. On August 31, 2012, Nelson Tree was dismissed with prejudice by agreement of the parties. The present order is in response to the motion for default judgment against Fenton.

Title 42, Section 1981(a) of the U.S. Code requires that

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

To establish a violation of Section 1981, a plaintiff must show that (1) he was subject to unwelcome harassment; (2) the harassment was based on his race; (3) the harassment unreasonably interfered with his work performance by creating an intimidating, hostile, or offensive working environment that seriously affected his psychological well-being; and (4) there is a basis for employer liability. *Hrobowski v. Worthington Steel Co.*, 358 F.3d 473, 476 (7th Cir. 2004). Because Fenton failed to contest any of the facts in Plaintiff's complaint, this court shall take them as true. *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983).

Regarding the first and second factors, it is clear that Plaintiff was subject to unwelcome harassment based on race. It is clear that the use of the term "nigger", the display of a noose, the display of the Confederate flag, and the attack all constitute hostile harassment based on race. *See Porter v. Erie Foods Int'l, Inc.*, 576 F.3d 629, 635 (7th Cir.

2009); *Golden v. World Sec. Agency, Inc.*, --- F.Supp.2d ----, 10 C 7673, 2012 WL 3151380 (N.D. Ill. Aug. 2, 2012). Plaintiff asserts that he was emotionally upset by those displays, thereby making that conduct unwelcome. The harassing words and conduct, performed across both time and modality, were objectively and subjectively severe and pervasive. As either severity or persistence is sufficient to qualify, Plaintiff has satisfied this factor. *See Hrobowski v. Worthington Steel Co.*, 358 F.3d 473, 477 (7th Cir. 2004). Third, the harassment led directly to Plaintiff's suspension without pay or benefits for thirteen months. Admittedly, Plaintiff may have played some role in initiating the precipitating event by disturbing the license plate on Fenton's car. However, both Fenton's and Nelson Tree's responses were grossly disproportionate and Fenton has not filed any affirmative defenses. Last, while Nelson Tree denied all the allegations in its answer that it had responded to the complaints, Fenton did not. Those allegations must be taken as true in this context. Accordingly, Plaintiff has satisfied all the elements of his § 1981 cause of action.

Under Illinois law, a prima facie claim of battery requires (1) an act intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (2) a harmful contact with the person of the other directly or indirectly results. *Cohen v. Smith*, 648 N.E.2d 329, 332 (1995) (citing the Restatement (Second) of Torts). It is self-evident that ramming someone with your car constitutes a harmful contact, and it is not contested that Plaintiff was injured in the incident.

"An individual who establishes a cause of action under § 1981 is entitled to both equitable and legal relief, including compensatory and, under certain circumstances,

punitive damages." *Johnson v. Ry. Exp. Agency, Inc.*, 421 U.S. 454, 460 (1975).

Plaintiff has attached both affidavits and his W-2 statements demonstrating that he earned $38,779.27 in the 307 days between January 1, 2009 and November 3, 2009. Plaintiff and Nelson Tree agree that Plaintiff was put on leave without pay or benefits for the 393 days between November 3, 2009 and December 1, 2010. That leave was proximately caused by Fenton's racial harassment and battery with his vehicle. But for Fenton's harassment, Plaintiff would have earned $49,642.52 in wages. Additionally, and based on a similar *pro rata* method, Plaintiff would have been entitled to $9,557.00 in health insurance benefits and $1,489.28 in retirement pension contributions made by Nelson Tree on behalf of Plaintiff. Plaintiff's total amount of direct wage and benefit loss is $60,688.80.

Plaintiff also claims that he suffered from emotional distress consisting of depression and PTSD as a result of Fenton's attack, which significantly interfered with his relationship with wife and family. He seeks $34,311.20 for emotional distress. Plaintiff also claims that he suffered pain and suffering while rehabilitating from the injury caused by Fenton. He seeks $25,000 to compensate him for that pain and suffering. Plaintiff requests $59,311.20 in intangible compensatory damages, for a total of $120,000 in compensatory damages.

Plaintiff also seeks $60,000 in punitive damages to deter Fenton from engaging in similar conduct in the future. A multiple of 1.67 times the compensatory amount in a § 1981 claim is not overmuch. *Williamson v. Handy Button Mach. Co.*, 817 F.2d 1290, 1296 (7th Cir. 1987). Here, the punitive amount is 0.5 times the compensatory amount. This is not unreasonable. Given Fenton's egregious behavior both in the workforce and

during these proceedings, this court finds that the punitive damages sought are fair in order to deter him from engaging in racially hostile harassment in the future. In total, Plaintiff seeks $180,000 in compensatory and punitive damages. Because Fenton has already been found to be in default, and because this court concludes that Plaintiff has submitted adequate documentation to support his claim, he is entitled to the relief requested.

IT IS THEREFORE ORDERED THAT:

(1) Plaintiff's Motion for Default Judgment (#30) is GRANTED.

(2) Judgment is entered in favor of Plaintiff in the amount of $180,000.

(3) This case is terminated.

ENTERED this 21st day November of 2012

**s/ Michael P. McCuskey**

MICHAEL P. McCUSKEY
U. S. DISTRICT JUDGE